## In re: WHIRLPOOL CORP. FRONT-LOADING WASHER PRODUCTS LIABILITY LITIGATION.

### MDL No. 2001.

United States Judicial Panel on Multidistrict Litigation.

Dec. 2, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL,* DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\*:** Defendants Whirlpool Corp. (Whirlpool) and Sears, Roebuck & Co. (Sears) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. This litigation currently consists of eight actions: four pending in the Northern District of Illinois, two in the District of New Jersey, and one each in the Northern District of Ohio and the Southern District of New York, as listed on Schedules A and B.

All responding plaintiffs oppose centralization—at least as conceived by Whirlpool and Sears. Plaintiffs in the three Northern District of Illinois actions in which Sears is the sole defendant oppose centralization altogether. Plaintiffs in the one Northern District of Illinois action against only Whirlpool and the two District of New Jersey actions, which are also against only Whirlpool, support centralization in the Northern District of Ohio, but only of the five actions in which Whirlpool is a defendant. Plaintiff in the Northern District of Ohio action, which is also against only Whirlpool, opposes centralization in the first instance, but, in the alternative, supports centralization of the actions against Whirlpool in her district.

On the basis of the papers filed and the hearing session held, we find that the five actions against Whirlpool involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All five actions share factual issues as to whether certain front-loading washing machines manufactured by Whirlpool and sold under the Whirlpool brand name contain design defects that cause the machines to fail to drain properly, thereby resulting in the creation of mold, mildew, and associated unpleasant odors. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

With respect to the three Northern District of Illinois actions against only Sears, however, we are not persuaded that inclusion of those actions in centralized proceedings would serve the convenience of

* Judge Vratil took no part in the disposition of    this matter.

the parties and witnesses or further the just and efficient conduct of the litigation at the present time. These actions appear to be significantly advanced (one has been pending since late 2006 and has already been the subject of two motions to dismiss), and although Whirlpool made all the washing machines at issue, it is undisputed that it and Sears separately marketed, advertised, and warranted the machines that they respectively sold.

We are of the view that the Northern District of Ohio is an appropriate transferee district for pretrial proceedings with respect to the five actions against Whirlpool. The action pending there is somewhat more advanced than the other four actions. In addition, Judge Gwin has the time and experience to steer the actions against Whirlpool on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the four actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable James S. Gwin for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the motion for centralization is denied as to the three actions listed on Schedule B.

## SCHEDULE A

### MDL No. 2001 — IN RE: WHIRLPOOL CORP. FRONT–LOADING WASHER PRODUCTS LIABILITY LITIGATION

*Northern District of Illinois*

*Pramila Gardner, et al. v. Whirlpool Corp.,* C.A. No. 1:08–3555

*District of New Jersey*

*Bonnie Beierschmitt, et al. v. Whirlpool Corp.,* C.A. No. 1:08–3177

*Sonja Sandholm–Pound, et al. v. Whirlpool Corp.,* C.A. No. 1:08–4098

*Southern District of New York*

*Donna Seeherman, et al v. Whirlpool Corp.,* C.A. No. 1:08–7289

*Northern District of Ohio*

*Gina Glazer v. Whirlpool Corp.,* C.A. No. 1:08–1624

## SCHEDULE B

### MDL No. 2001 — IN RE: WHIRLPOOL CORP. FRONT–LOADING WASHER PRODUCTS LIABILITY LITIGATION

*Northern District of Illinois*

*Susan Munch, et al. v. Sears, Roebuck & Co.,* C.A. No. 1:06–7023

*Bryan Seratt, et al. v. Sears, Roebuck & Co.,* C.A. No. 1:07–412

*Charles Napoli, et al. v. Sears, Roebuck & Co.,* C.A. No. 1:08–1832